NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## 2007-7186

THE AMERICAN LEGION, THE MILITARY ORDER OF THE PURPLE HEART,
UNITED SPINAL ASSOCIATION,
and NATIONAL VETERANS LEGAL SERVICES PROGRAM,

Petitioners,

v.

SECRETARY OF VETERANS AFFAIRS,

Respondent.

John L. Newby II, Arnold & Porter LLP, of Washington, DC, for petitioners.  With him on the brief was Ronald B. Abrams, National Veterans Legal Services Program, of Washington, DC.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel was Elizabeth A. Holt, Trial Attorney.  Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Amanda R. Blackmon, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  Department of Veterans Affairs

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7186

THE AMERICAN LEGION, THE MILITARY ORDER OF THE PURPLE HEART,
UNITED SPINAL ASSOCIATION,
and NATIONAL VETERANS LEGAL SERVICES PROGRAM,

Petitioners,

v.

SECRETARY OF VETERANS AFFAIRS,

Respondent.

On petition for review pursuant to 38 U.S.C. Section 502.

DECIDED: August 11, 2008

Before MAYER, LOURIE, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

DECISION

Pursuant to 38 U.S.C. § 502, the American Legion, the Military Order of the Purple Heart, United Spinal Association, and National Veterans Legal Services Program ("petitioners") seek review of the procedural and substantive validity of VAOPGCPREC 1-2007, a precedential opinion issued on January 17, 2007, by the then-Acting General

Counsel of the Department of Veterans Affairs ("VA").  We <u>dismiss</u> the petition for lack of jurisdiction.

DISCUSSION

I.

On February 28, 2005, the Acting Chairman of the Board of Veterans' Appeals ("Board") submitted to the VA's General Counsel a request for an opinion on an issue of law which had arisen in an appeal pending before the Board.  The Acting Chairman asked whether the procedural requirements of 38 C.F.R. § 3.105(e) apply when a total disability rating based on individual unemployability is reinstated, for a limited period, following a determination that there was clear and unmistakable error in the original termination of the rating.  The Acting General Counsel provided his opinion by memorandum dated January 17, 2007 ("General Counsel's opinion").  Subsequently, on February 7, 2007, the opinion was published in the Federal Register.  Summary of Precedent Opinions of the General Counsel, 72 Fed. Reg. 5801, 5803 (Feb. 7, 2007).

On April 9, 2007, petitioners filed with this court a petition for review of the General Counsel's opinion.  Petitioners contend that the opinion is procedurally invalid because it was not issued pursuant to the notice and comment procedures prescribed in 5 U.S.C. § 553.  They also contend that the opinion is substantively invalid because the conclusions stated in it are inconsistent with the plain language of section 3.105(e) and the policy considerations underlying it.  The government argues that we lack jurisdiction to consider the petition.  Alternatively, the government argues that we should uphold the validity of the General Counsel's opinion.

We agree with the government that we lack jurisdiction to consider the petition for review of the General Counsel's opinion. This case is squarely controlled by our decision in <u>Paralyzed Veterans of America v. Secretary of Veterans Affairs</u>, 308 F.3d 1262 (Fed. Cir. 2002). In that case, a veterans' organization filed in this court a petition for review of an opinion of the General Counsel of the VA. <u>Id.</u> at 1263. The General Counsel's opinion had been rendered in response to a request by the Chairman of the Board for legal advice on issues involved in a pending case before the Board. <u>Id.</u> Because the General Counsel's opinion involved the Board's consideration of a specific appeal by a particular veteran, <u>id.</u> at 1266, and was not a statement of general applicability and future effect designed to implement or prescribe law or policy, <u>id.</u> at 1267, we determined that it was not a "rule" within the meaning of section 552(a)(1)(D), so as to make it reviewable by this court, <u>id.</u> at 1265. Accordingly, we dismissed the petition for lack of jurisdiction. <u>Id.</u> at 1265. In so doing, we observed that the correct approach was for the veteran in the case before the Board to appeal any adverse decision by the Board to the Court of Appeals for Veterans Claims. <u>Id.</u>

The General Counsel's opinion in this case is no different from the opinion at issue in <u>Paralyzed Veterans</u>. Both were issued in response to a request from the Board for an opinion on a question of law which had arisen in a pending appeal. Just as we lacked jurisdiction to consider the petition in <u>Paralyzed Veterans</u>, so too we lack jurisdiction to consider the petition in this case.

For the foregoing reasons, we dismiss for lack of jurisdiction petitioners' request that we review the General Counsel's opinion pursuant to 38 U.S.C. § 502.

No costs.